L. Barron Hill, J.
This is an application for a preliminary injunction by the Board of Education, School District No. 3, in the Town of Brookhaven, to enjoin the New York State Teachers Association, hereinafter called “ The Teachers Association ”, and its parent organization, National Education Association, hereinafter referred to as “ NBA ’ ’, in connection with a release by the Teachers Association called an “ urgent advisory ”.
There appears to be very little dispute about the facts. The Teachers Association, to which some of the teaching staff in School District No. 3 belong, is dissatisfied with the conditions *339 of employment for teachers which prevail in the schools comprising School District No. 3. About March 16, 1970 the Teachers Association released an 1 ‘ urgent advisory ’ ’ to teacher-organizations . stating that School District No. 3 was not a fit place for teachers to work and called 11 upon all teachers in the State not to make application or take employment in the Comsewogue school district until the current situation between the Port Jefferson Station Teachers Association and the School District officials is resolved”. The advisory did not request that the teachers conduct a slowdown or strike or resign. It did accuse officials of the school district of having “ blatantly frustrated peaceful methods of maintaining harmonious and cooperative employer-employee relationships ”.
Plaintiff claims that more than 100,000 teachers in the New York State school districts are members of the defendant Teachers Association and as such are subject to censure, suspension or expulsion if they do not comply with the “ urgent advisory Plaintiffs are requesting that defendants he enjoined from continuing the ‘ ‘ urgent advisory ’ ’ in effect; that they he mandated to advise the local teachers associations throughout the State and all others to whom they have distributed the 11 urgent advisory ”, that the advisory is of no force and effect; that they he enjoined from imposing any sanctions against the plaintiff and threatening any censure against any person applying for employment with the plaintiff. The plaintiffs urge that they are carrying out a governmental function in providing education to the school children of District No. 3 and that the attempts by defendant to “ blacklist” the plaintiffs’ school district is an interference with the governmental function in that defendants seek to “ dry up ” the teaching talents which would normally be available to the district. According to the affidavit of District Principal Wallen, the spring of the year is an active season for recruiting new teachers and, as the plaintiff is rapidly expanding and in the process of construction, irreparable harm will result to plaintiff and to the public which it serves. The plaintiff in its brief analogizes the actions of the defendants to be a secondary boycott. Plaintiff relies on the recent New Jersey case of Board of Educ., Borough of Union Beach v. New Jersey Educ. Assn. (96 N. J. Super. 371, affd. 53 N. J. 29). In that case the New Jersey Education Association disseminated a document similar to the ‘ ‘ urgent advisory ’ ’ herein but was restrained by the court from further distribution or the publication of similar statements and from threatening reprisals against applicants for employment.
*340 The defendant Teachers Association, in its affidavit in opposition, contends that its membership comprises a little more than half the number of public school teachers employed in the State of New York or in the County of Suffolk and that less than half of the 21,000 public school teachers employed in Nassau County are members of the defendant Teachers Association. It also appears from this affidavit that the Teachers Association has rejected the recommendations that nonobservance of such recommendations as are made in the “ urgent advisory” be deemed a violation of the code of ethics. From all that appears, members of the defendant Teachers Association are free to decide without risk of censure whether they will follow the recommendations of the “ urgent advisory ” or not.
It also appears that a recent newspaper story quoted plaintiff’s officials as discounting any effect the advisory might have on recruitment and specifically quoted Mr. Wallen as saying11 We will need about 20 new teachers next year and I already have about 400 applications ”. Affidavits from people in attendance at public meetings of the school board also quote Mr. Wallen as saying in words or substance 1 ‘ We are not having any trouble hiring people ’ ’. Another member of the Board of Education is reported as having said in words or substance that “ sufficient applications to fill all vacancies ” in the teaching staff had been received.
It further appears from the affidavit in opposition that the New York State Teachers Association is not chartered by the NBA and is not bound by its rules to punish members who ignore advisories such as issued here.
As to the NBA, whether service on the NBA was properly effected appears extremely doubtful.
Defendant Teachers Association distinguishes the Union Beach (supra) case on the ground that in that case there was a mass resignation of teachers shortly after the sanctions were issued and the association there expressed an intention to discipline any of its members who replaced the resigning teachers or otherwise ignored its advisory.
Under all the circumstances above set forth there is not a sufficient showing of damage to justify the issuance of a preliminary injunction which would accomplish almost everything which the plaintiff seeks in its permanent injunction. No damage at all is shown but only that damage will in the opinion of the plaintiff ensue; and this opinion appears to be contrary to the public statements of several of plaintiff’s officers. There is no threat by the Teachers Association to discipline its noncon *341 forming members and in fact the defendant association has rejected a formal suggestion that under such circumstances it should. Lastly, it appears that the rights of the defendants under the First Amendment would be impaired by the issuance of a temporary injunction. Such an injunction should issue only where the peril to the plaintiff is very substantial and imminent, which it does not appear to be in this case. For the foregoing reasons the injunction must be denied.